## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                  Plaintiff,

vs.

ROBERT W. SEARLES,
JOSEPH LYNN THORNBURGH,
WAYNE LESLIE DAVIDSON, and
STEVEN FISHMAN,

                  Defendant.

Case No. 07-CR-195-CVE

## OPINION AND ORDER

Defendant Fishman's Motion to Take Rule 15 Depositions [Dkt. 142], the Joinder of Defendant Searles in the Motion [Dkt. 150], the Ex Parte Joint Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 92],[1] Defendant Fishman's Supplement to the Motion to Approve Travel and Travel Expenses by Counsel, [Dkt. 164], the Oral Motion to issue a proposed Order for Letter Rogatory and a Commission to Any Consul or Vice Consul of the United States Assigned to Paris, France made at a hearing on March 23, 2009, and a Second Supplement to Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 175] are before the undersigned United States Magistrate Judge for decision.  These matters all relate to Defendants' efforts to obtain evidence from Mr. Patrick Henriette, a French citizen and resident of Paris, France who is outside the court's subpoena power and who will not voluntarily appear at the trial of this case.

---

[1]  The Defendants agreed that the issues in the Ex Parte Joint Motion to Approve Travel and Travel Expenses [Dkt. 92] were so related to the Motion to Take Rule 15 Depositions that it was appropriate for the government to participate in the hearing on that motion.

    Defendant Thornburgh joined in the Ex Parte Joint Motion to Approve Travel and Travel Expenses [Dkt. 92], but he did not join in the Motion to Take Rule 15 Depositions [Dkt. 142].  The Court concludes that Defendant Thornburgh has abandoned his request for funds to travel to any deposition permitted as a result of the Motion to Take Rule 15 Depositions.

Hearings were held on these matters on March 2, 2009, March 11, 2009, and March 23, 2009.

Fed. R. Crim. P. 15(a)(1) provides that the court may grant a motion to depose a witness in order to preserve testimony for trial for reasons of exceptional circumstances and in the interest of justice.  As a general rule, the requirements are met when a party demonstrates that the witness is unavailable, the proposed testimony is material, and the deposition is necessary to prevent a failure of justice.  *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991).  Under Fed.R.Crim.P. 15(e) depositions must be taken in the same manner as a deposition in a civil action.  For civil actions Fed.R.Civ.P. 28(b)(1) sets forth how depositions may be taken in a foreign country: (A) under an applicable treaty or convention; (B) under a letter of request; (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; (D) before a person commissioned by the court to administer any necessary oath and take testimony. The Defendants must demonstrate the exceptional circumstances required by Fed. R. Crim. P. 15 and compliance with Fed.R.Civ.P. 28 procedures for taking a foreign deposition.

A chronology of the parties' submissions is helpful to demonstrate the basis for the Court's ruling.

The Ex Parte Joint Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 92] was filed December 20, 2008.  In that motion Defendants sought court approval of funds for counsel to travel to Paris, France.  However, the motion did not request an order allowing the deposition of Mr. Henriette.

2

On February 18, 2009, Defendant Fishman filed a Motion to take Rule 15 Depositions [Dkt. 142]. That motion sought an order authorizing defendants to conduct a video-taped deposition of Mr. Henriette at his attorney's office in Paris, France upon reasonable (two to three weeks) notice. In support of their claim that exceptional circumstances exist to take Mr. Henriette's deposition, Defendants offered an unsworn affidavit purportedly signed by Patrick Henriette as evidence of the nature of his potential testimony. The affidavit recited in a summary fashion that Mr. Henriette had known Defendant Fishman since 1998, had formed a portfolio management relationship with Defendant Fishman to attempt to negotiate bonds which Mr. Henriette believes have value and that Defendant Fishman related information from Mr. Henriette to others about Mr. Henriette's activities. The motion indicated that Mr. Henriette would take steps to provide a sworn affidavit, but one was not provided at the March 2nd hearing.

At the March 2nd hearing, Attorney Monroe stated he prepared the affidavit based on several telephone conversations with Mr. Henriette, but noted that Mr. Henriette speaks English with a heavy accent which made detailed discussions difficult. Attorney Monroe also stated that he had not heard from Mr. Henriette since he received the unsworn affidavit. While the United States acknowledged that Mr. Henriette's name permeates the documentary evidence in the case, it contended that the affidavit of Mr. Henriette failed to demonstrate how the proposed testimony would be material to the defense and pointed out that, in fact, no bonds were ever placed into European trading programs. The United States also expressed concern about the timing and details of the proposed deposition.

3

At the conclusion of the March 2nd hearing, the Court expressed its concern about the lack of detail in Mr. Henriette's affidavit and endorsed the government's suggestion that the attorneys conduct a joint telephone conference with Mr. Henriette to further explore the nature of his testimony.  Counsel for Defendants agreed to attempt to arrange such a conference.  The Court also expressed concern about the legality, under French law, of the Defendants' proposal to depose Mr. Henriette at his attorney's office.[2]  Defendants were permitted to supplement their motion by March 10, 2009 to address these issues.

On March 9, 2009, a document entitled Supplement to Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 164] was filed.  Attached to the Supplement is a copy of the previously submitted affidavit of Mr. Henriette that has been witnessed by Mr. Henriette's attorney. [164-2].  The Supplement recounts a recent telephone conversation between Mr. Henriette and Attorney Monroe in which Mr. Henriette confirmed that he would participate in a deposition or video conference, but that such a conference could not be accomplished by the date the Supplement was due.  The Supplement does not, however, provide any additional details about Mr. Henriette's testimony.

In response to the Supplement, the Court held a telephone conference with counsel on March 11, 2009, at which time the Court reiterated its concerns about the

_____

[2]  In *Societe Nationale Industrielle Aerospatiale v. United States District Court Southern District of Iowa*, 482 U.S. 522, 107 S.Ct. 2542, 96 L.Ed.2d 461 (1987) and *In re: Vitamin AntiTrust Litigation*, 2001 WL 35814436 (D.D.C.), the courts discussed the French "blocking statute" which is an act that criminalizes the taking of depositions on French soil that are not channeled through the Hague Evidence Convention.  Both cases involved French companies who were parties so the "blocking statute" may not have any application in the present case which concerns a non-party witness.  However, at the March 2nd hearing, the Court expressed its concern that any proposed deposition be taken without violating French law.

lack of detail in Mr. Henriette's affidavit and directed the attorneys to conduct the previously discussed joint telephone conference with Mr. Henriette and to report to the Court about the specific areas of testimony Mr. Henriette could provide.  The attorneys were also directed to provide the Court with specific information about the time and place for the deposition, and to demonstrate that the deposition would comply with French law, would be potentially admissible at trial, and would be available in time for trial.  During the March 11, 2009, telephone conference, the Court set a further hearing for March 23, 2009.

On March 20, 2009, Defendants Searles and Fishman filed a Joint Motion for Continuance of the March 23rd hearing, [Dkt. 169], based on their inability to contact Mr. Henriette, despite numerous attempts.

At the March 23rd hearing, Defendants did not urge their motion for continuance. Instead, Defendants requested that the Court grant the Motion for Deposition in the form of the issuance of an Order for Letter Rogatory.[3]  Based on counsel's request for Letters Rogatory and the lack of continued argument for a video-taped deposition in France, the Court concluded that Defendants had abandoned that request in favor of Letters Rogatory to secure the testimony of Mr. Henriette.  At the hearing Defendants argued that Mr. Henriette's previously submitted affidavit established the materiality of his testimony in light of the allegations of the Indictment and despite the Defendant's inability to arrange a telephone conference with Mr. Henriette, at least, the Order for Letter Rogatory would get the process started.  The government continued to object to

_____

[3]  Counsel's request, at the March 23, 2009 hearing for issuance of Letters Rogatory, effectively concedes that the original request for a video-taped deposition of Mr. Henriette at his attorney's office was not proper under French law.

5

Defendants' motion, contending that Defendants have not established the materiality of Mr. Henriette's testimony and that with only 49 days until trial, there was insufficient time to engage in this process.[4]

On March 24, 2009, Defendant Fishman filed a Second Supplement to Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 175] in which Attorney Monroe relates that he spoke with Mr. Henriette by telephone and that although Mr. Henriette preferred to have his testimony taken at his lawyer's office in Paris, he expressed a willingness to travel to London, England to have his testimony taken at a mutually convenient time, provided he was given two weeks advance notice and would be allowed to be represented by counsel of his choice.   In light of that conversation, Defendants now request the Court to approve travel to London, England to obtain the testimony of Mr. Henriette.

While the Court appreciates that defense counsel have been confronted with numerous unusual legal and practical issues in trying to navigate the complicated process of attempting to obtain evidence in a foreign country for use in a criminal case in this country, the fact remains that the Court has been presented a series of incomplete requests from Defendants.  Those requests began with a motion to approve travel expenses for a trip to Paris, France, which changed to a request for permission to take a video-taped deposition in a lawyer's office at some unspecified date and time in Paris, France, which changed to a request for Letters Rogatory, and changed again to a request to take testimony in London, England at some unspecified date and time.  The

---

[4]  Since the November 19, 2008, ex parte budget hearing when the possibility of deposing foreign witnesses was identified in the Defendants' budgets, the undersigned has repeatedly advised the Defendants to promptly take the necessary steps to obtain the evidence.

nature of Mr. Henriette's testimony is established only by an affidavit prepared by defense counsel for Mr. Henriette's signature after an ex parte telephone conference with Mr. Henriette who is difficult to understand because he speaks in heavily accented English.   The Court has repeatedly requested that the affidavit be expanded upon regarding the specifics of Mr. Henriette's testimony by way of a joint telephone conference with counsel.   The defense was to have arranged a joint telephone conference involving defense counsel, government counsel and Mr. Henriette to more precisely identify the areas of Mr. Henriette's proposed testimony. Such a telephone conference has not taken place, nor has the Court been advised that one has been scheduled.   There is no proposal as to the date and time when the testimony will be taken, no specification of the manner in which the testimony will be taken, no information as to whether the testimony will be available for possible use at the trial of this case, which is scheduled to commence on May 18, 2009, and no information has been provided as to whether there are any other barriers to the proposal to take the testimony in London, England.   The Court has not, therefore, been presented sufficient information to enable it to grant Defendants' motions.   The Court concludes that Defendants have not established the exceptional circumstances and interests of justice necessary to authorize the deposition under Fed. R. Crim. P. 15.

Defendant Fishman's Motion to Take Rule 15 Depositions [Dkt. 142], the Joinder of Defendant Searles in the Motion [Dkt. 150], the Ex Parte Joint Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 92], Defendant Fishman's Supplement to the Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 164], Oral Motion to issue a proposed Order for Letter Rogatory and a Commission to Any Consul or Vice

Consul of the United States Assigned to Paris, France made at a hearing on March 23, 2009, and Second Supplement to Motion to Approve Travel and Travel Expenses by Counsel [Dkt. 175] are DENIED.  The Joint Motion for Continuance of the March 23rd Hearing, [Dkt. 169] is DENIED as MOOT.

SO ORDERED this 25th day of March, 2009.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE