UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
         **Plaintiff,** )
)
v. ) Case No. 07-CR-0195-002-CVE
)
JOSEPH LYNN THORNBURGH, )
)
         **Defendant.** )

**OPINION AND ORDER**

This matter comes on for consideration of defendant's Motion Requesting for Bail Pending Appeal (Dkt. # 424). Defendant was convicted on charges of conspiracy to commit mail or wire fraud in violation of 18 U.S.C. § 1349 and conspiracy to launder money or engage in monetary transactions involving property derived from unlawful activity in violation of 18 U.S.C. § 1956(h). On October 29, 2009, the Court sentenced defendant to 292 months imprisonment. Defendant asks the Court to release him while his appeal to the Tenth Circuit Court of Appeals is pending. He asserts that he is not a flight risk or a danger to any other person or the community, and states that he has raised non-frivolous arguments on appeal. Defendant's request is authorized by 18 U.S.C. § 3143, which states:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds--
>
> (A) by clear and convincing evidence that the person is not likley to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

      (i) reversal,

      (ii) an order for a new trial,

      (iii) a sentence that does not include a term of imprisonment, or

      (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

Defendant is represented by counsel, Fred Randolph Lynn, but he filed this motion pro se. However, defendant does not have the right to "hybrid" representation, and he cannot choose to represent himself on select issues. United States v. McKinley, 58 F.3d 1475, 1481 (10th Cir. 1995); United States v. Bennett, 539 F.2d 45, 49 (10th Cir. 1976). The Court has the discretion to consider pro se filings by a criminal defendant who is represented by counsel, but is not obligated to accept such filings. Bennett, 539 F.2d at 49. Defendant filed a notice of appeal (Dkt. # 338) on November 2, 2009, and he waited over seven months before filing a motion for release pending appeal. He has not explained his delay in filing this motion or why his attorney has not filed this motion on defendant's behalf, and the Court finds that defendant's pro se motion for release pending appeal should not be considered.

Even if the Court were to consider defendant's pro se motion, defendant has not made a colorable showing that he would be entitled to release pending appeal. Defendant requested a self-report date at his sentencing hearing, and the Court denied defendant's request. The Court determined that defendant was a flight risk due to the length of his sentence, and did not permit him to self-report to prison. In order to grant bail pending appeal, defendant must show (1) by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released and (2) that the appeal was not filed for the purpose of delay and raises a

substantial question of law or fact likely to result in reversal of all counts for which imprisonment has been imposed.  18 U.S.C. § 3143(b)(1); United States v. Meyers, 95 F.3d 1475, 1489 (10th Cir. 1996).  Nothing in defendant's motion for release pending appeal suggests that the Court should reconsider its prior ruling that defendant is a flight risk.  Defendant was sentenced to 292 months imprisonment, which is a substantial sentence.  Defendant states that "the Court may be assured that Appellant will [not] go into hiding but will respond to Court orders by reason of the fact that he is responsible."  Dkt. # 424.  Defendant's assurance does not prove by clear and convincing evidence that he is not a flight risk, and defendant's statement is not a sufficient basis for the Court to reconsider its prior finding that defendant is a flight risk.

**IT IS THEREFORE ORDERED** that defendant's  Motion Requesting for Bail Pending Appeal (Dkt. # 424) is **denied**.

**DATED** this 22nd day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT